# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NEWMAN EXCAVATING, INC., )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>GOLDEN EAGLE INVESTMENTS CO., LLC, et al, )<br>    Defendants. )<br> )<br> ) | No. 10-04270-CV-FJG |

## ORDER

The following Motions are pending before the Court: the Federal Deposit Insurance Corporation as Receiver for Defendant Premier Bank's Motion to Stay Pending the Exhaustion of Administrative Remedies (Doc. No. 4), Plaintiff's Motion to Remand to State Court (Doc. No. 6), Motion for Leave to File Reply in Support of Motion to Remand to State Court (Doc. No. 16), and FDIC-R's Motion for Refund of Filing Fee (Doc. No. 18).

    **I.    BACKGROUND**

Plaintiff Newman Excavating, Inc. filed a civil action in the Circuit Court of Miller County in October 2007, seeking recovery for improvements it made to property owned by various defendants. Plaintiff is seeking equitable enforcement of a mechanic lien on account of such improvements against such property upon which Premier Bank held a security interest by and through a deed of trust. Plaintiff also alleges that the transfer of property which preceded the deed of trust held by Premier Bank constituted a fraudulent conveyance.

Premier Bank filed a counterclaim against Plaintiff requesting the court to declare Plaintiff's claims void and of no effect as against Premier Bank's deed of trust. Premier Bank also filed cross claims against all other co-defendants, seeking payment of the

obligations secured by the deed of trust and requesting reformation of the deed of trust to include additional property owned by the co-defendants.

On October 15, 2010, the Commissioner of Finance for the State of Missouri closed Premier Bank and appointed the FDIC as Receiver thereof. The FDIC accepted its appointment as Receiver of Premier Bank and was substituted as a party defendant for Premier Bank in the state court action on or about November 15, 2010. Thereafter, on December 14, 2010, the FDIC-R removed the action pursuant to 12 U.S.C. § 1819(b)(2)(D) and 28 U.S.C. § 1441.

**II.    Motion to Stay**

Congress set forth the rights and duties that govern the receivership of a failed institution in the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 (FIRREA). 12 U.S.C. § 1821(d)(3)-(13), sets forth the claim procedure for all claims asserted against the assets of the failed institution, which equally applies to pending actions. Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993). The FIRREA requires mandatory compliance with the administrative claims review process, under which all creditors having claims against the failed institution must first present them to the FDIC-R for an administrative determination of whether they should be paid. 12 U.S.C. § 1821(d)(3)-(5); see Bueford, 991 F.2d at 484 ("The language of FIRREA clearly indicates that unless administrative procedures are complied with, no court shall have jurisdiction to evaluate a claim brought against a failed banking institution[.]").

Under the claims review procedure, creditors have ninety (90) days to present their claims against the assets of the failed institution upon receiving notice from the FDIC-R. 12 U.S.C. § 1821(d)(3)(B)(i). Once the claim is presented, the FDIC-R has

2

180 days within which to consider the claim and notify the claimant whether it has been allowed or disallowed.  12 U.S.C. § 1821(d)(5)(A)(i).  When the creditor has been notified of the Receiver's determination, or when the 180 day period has expired, the creditor may either request administrative review or file (or continue an action commenced before the appointment of the receiver) suit on the claim in in the federal district court where the failed bank's principal place of business is located.  12 U.S.C. § 1821(d)(6)(A).

Thus, this Court lacks subject matter jurisdiction over claims not presented for administrative review.  12 U.S.C. §1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C.A. § 1821.

Based on the foregoing, the Court hereby **STAYS** the instant action until Plaintiff's claims against the FDIC-R have been submitted to the FDIC-R for administrative review and the FDIC-R has either made a determination to disallow the claim, or the 180 day administrative review period has expired.  12 U.S.C. § 1821(d)(5)(A)(i).  Accordingly, FDIC-R's Motion to Stay is **GRANTED**.

### III. FDIC-R's Motion for Refund of Filing Fee

The FDIC-R, by and through its attorneys Mariea & Sigmund, L.L.C., moves the Court for an order refunding the filing fee in the amount of $350 paid in this matter on behalf of the FDIC. Under 12 U.S.C. § 1819(b)(4), "the [FDIC] shall not . . . be subject to payments of any filing fees in United States district courts or courts of appeal." 12 U.S.C. § 1819(b)(4).

Accordingly, the Clerk of the Court is hereby **ORDERED** to issue a refund of filing fee in the amount of $350.00 to Mariea & Sigmund, L.L.C.

### IV. Conclusion

Based on the foregoing, the Court **ORDERS** as follows:

(1) defendant FDIC-R's Motion to Stay Pending the Exhaustion of Administrative Remedies (Doc. No. 4) is **GRANTED**;

(2) defendant FDIC-R's Motion for Refund of Filing Fee in the amount of $350.00 (Doc. No. 18) is **GRANTED**;

(3) plaintiff Newman Excavating's Motion for Leave to File Reply in Support of Motion to Remand (Doc. No. 16) is **GRANTED**; and,

(4) plaintiff's Motion to Remand to State Court is provisionally **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:  03/17/11  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge