# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NEWMAN EXCAVATING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-4269-CV-C-FJG |
| ) | Consolidated with |
| GOLDEN EAGLE INVESTMENTS CO., ) | Case No. 10-4270-CV-C-FJG |
| LLC, ET AL., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the court is Patrick F. Rayburn's pro se Motion for an Extension of Time to File An Appeal (Docs. # 91,115), Patrick Rayburn's Motion for Leave to Appeal in Forma Pauperis (Docs. #93, 117), Patrick Rayburn's Notice of Appeal (Docs. # 94, 118) and CADC/RADC Venture 2011-1, LLC ("CADC's") Motion to Dismiss Defendants' Notice of Appeal (Docs. # 95, 119).

## I. BACKGROUND

The parties in this case attempted over several months to negotiate a settlement of all of the claims in these two cases. On April 23, 2013, the parties negotiated the material terms of a settlement during a teleconference. On June 27, 2013, counsel for CADC and the Rayburn parties filed a Joint Status update with the Court indicating that they had reached an agreement and drafted a proposed settlement agreement. On August 7, 2013, counsel for the Rayburn parties informed CADC that their third-party financing had fallen through and they would be unable to comply with the terms of the settlement agreement which required the payment of $105,000.00. The Court held a

teleconference with the parties and directed them to either file a Joint Motion for Approval of the Settlement or a statement indicating that they were unable to finalize the settlement. On September 9, 2013, CADC filed a Motion to Enforce the Settlement Agreement. On December 2, 2013, the Court granted the Motion to Enforce the Settlement Agreement and judgment was entered in favor of CADC and against Golden Eagle and the Guarantors in the amount of $105,000.00. The Court ordered that upon satisfaction of the judgment, CADC shall assign the notes, and the Deed of Trust to Rayburn Land Development, LLC. The Court dismissed the case, but retained jurisdiction to resolve any issues which might arise under the Settlement Agreement. On December 27, 2013, Patrick Rayburn filed a Motion to Amend/Correct Order of December 2, 2013. The Court treated Patrick Rayburn's Motion as a Motion to Alter or Amend filed pursuant to Fed.R.Civ.P. 59(e). On April 11, 2014, the Court denied Patrick Rayburn's Motion to Amend. On May 9, 2014, Patrick Rayburn filed a Motion for Extension of Time to File An Appeal and on May 27, 2014, Patrick Rayburn filed a Motion for Leave to Proceed in Forma Pauperis and a Notice of Appeal. On June 10, 2014, CADC filed a Motion to Dismiss the Notice of Appeal.

## II. STANDARD

Fed.R.App.P. Rule 4(a)(1)(A) states in part:

**(a) Appeal in a Civil Case.**
   **(1) Time for Filing a Notice of Appeal.**
    . . .
    (B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:
    . . .
      (ii) a United States agency;

Fed. R.App.P. 4(a)(4)(A) further states:

> **(4) Effect of a Motion on a Notice of Appeal.**
>
> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> . . .
> (iv) to alter or amend the judgment under Rule 59

Fed.R.App.P. Rule 4(a)(5) states:

> **(5) Motion for Extension of Time.**
>
> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

## III. DISCUSSION

### A. Timeliness of the Appeal

CADC argues that Patrick Rayburn's Notice of Appeal should be dismissed because no extension of time was granted to file the appeal and the appeal was filed more than 30 days after the April 11, 2014 order, so it is untimely. Normally in civil cases, parties have only 30 days in which to file a Notice of Appeal. However, when one of the parties is an agency of the United States, the parties have 60 days in which to file a Notice of Appeal. In both of these cases, the FDIC as Receiver for Premier Bank of Jefferson City, Missouri (FDIC-R) filed a Motion to Substitute, seeking to substitute CADC/RADC Venture 2011-1, LLC, as the real party in interest. In Case No. 10-4269, the Court on September 6, 2012 denied FDIC-R's motion for substitution and instead joined CADC as a party to this action. (Doc. # 45). Since that time, FDIC-R has

remained a party in that case. In Case No. 10-4270, the Court on January 23, 2012, substituted CADC for FDIC-R with regard to some of the claims, but stated that the FDIC-R remained as a party for all other claims maintained by and against it in its capacity as a Receiver for Premier Bank (Doc. #38). Therefore, because the FDIC-R continues to be a party to this litigation, the Court finds that the 60 day appeal period applies in this case.

Additionally, because Patrick Rayburn timely filed a Motion to Alter or Amend under Fed.R.Civ.P. 59(e), the Court finds that the appeal period was tolled until after the Court ruled on the motion. As noted above, the Court denied the Motion to Alter or Amend on April 11, 2014, so Patrick Rayburn had until June 10, 2014 in which to file the Notice of Appeal. Patrick Rayburn filed his Notice of Appeal on May 27, 2014. Therefore, the Court finds that the Notice of Appeal was properly and timely filed. As the Court has determined that the Notice of Appeal was timely filed, the Court hereby **DENIES AS MOOT** Patrick Rayburn's Motions for An Extension of Time to File an Appeal (Doc. # 91, 115).

### B. Motion for Leave to Appeal In Forma Pauperis

Patrick Rayburn has also filed Motions for Leave to Proceed In Forma Pauperis on Appeal (Docs. 93, 117). The rules governing leave to appeal in forma pauperis are detailed in 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a). If the affidavit of indigency supports a claim of poverty, the appeal is not taken in bad faith, and the action is not frivolous, leave shall be granted. Mann v. Frank, No. 90-1122-CV-W-5, 1992 WL 219800, *2 (W.D.Mo. 1992), aff'd, 7 F.3d 1365 (8th Cir.1993).

Fed.R.App.P. 24(a)(1) states:

4

> Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

In his affidavit, Patrick Rayburn states that he is single and 55 years old. He states that he is not employed and receives a monthly social security disability payment of $675.00. Mr. Rayburn does not own any real estate, but does own a vehicle valued at $500. He indicates that he has $78.00 cash on hand. Additionally, Mr. Rayburn states that he has the following monthly expenses: $425.00 monthly rent, $425 in household expenses, $100 for groceries and $100 for monthly utilities. Based upon the information provided in plaintiff's affidavit, the Court finds that Mr. Rayburn is sufficiently impoverished to be permitted to proceed in forma pauperis on appeal.

However, as noted above, the Court must also determine whether plaintiff's appeal is frivolous or taken in bad faith. In <u>Mann v. Frank</u>, 1992 WL 219800 at *4, the Court stated, "[g]ood faith is demonstrated when the party seeks review of any issue that is not frivolous. . . .Probable success on appeal need not be shown, and the court's inquiry is limited to whether the appeal involves legal points arguable on their merits." (internal citations omitted).

After reviewing Mr. Rayburn's Notice of Appeal and the attachments thereto, the Court does not believe that the appeal is frivolous or taken in bad faith. Therefore, because Mr. Rayburn has also demonstrated that he is sufficiently impoverished, his Motions for Leave to Proceed In Forma Pauperis on Appeal (Docs. # 93, 117) are hereby **GRANTED**.

### C. CADC's Motion to Dismiss

CADC states that the appeal should be dismissed because the Motion for Extension of Time was not granted before the Notice of Appeal was filed, the Notice is untimely and the Notice is filed on behalf of the "Rayburn parties." As discussed earlier, the Court has found that the Notice of Appeal was timely filed and thus it was not necessary for Patrick Rayburn to await a ruling on the Motion for Extension of Time, because his appeal was timely when filed. The Court notes that the "Notice of Appeal" clearly states that Patrick Rayburn, pro se, wishes to appeal the Court Order (Doc. # 114). The Notice of Appeal is signed only by Patrick Rayburn and it does not appear that Patrick Rayburn is attempting to represent any of the other Rayburn parties. Therefore, the Court finds that this is not a reason for dismissal of the Notice of Appeal. Accordingly, the Court hereby **DENIES** CADC's Motion to Dismiss the Notice of Appeal (Docs. # 95, 119).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Patrick Rayburn's Motion for Leave to Appeal in Forma Pauperis (Docs. #93, 117), **DENIES AS MOOT** Patrick F. Rayburn's Motion for an Extension of Time to File An Appeal (Docs. # 91,115) and **DENIES** CADC/RADC Venture 2011-1, LLC ("CADC's") Motion to Dismiss Patrick Rayburn's Notice of Appeal (Docs. # 95, 119).

Date: July 21, 2014  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge